**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ANTHONY J. TAYLOR,

    Plaintiff,

           v.

POSTMASTER GENERAL
MEGAN J. BRENNAN,

    Defendant.

Case No. 1:17-cv-106

Dlott, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

This action is before the Court on Plaintiff's application to proceed *in forma pauperis*. (Doc. 1). It appears from Plaintiff's affidavit that Plaintiff lacks the funds to pay the costs or give security for such costs.

Plaintiff's complaint names the Postmaster General of the United States Postal Service as the sole Defendant. He filed his complaint on a form used by pro se litigants who allege employment discrimination under 42 U.S.C. § 2000e-5(f)(1). Therefore, the Court will infer that the Postmaster General is Plaintiff's employer. The form specifically instructs pro se litigants to "ATTACH A COPY OF THE CHARGE YOU FILED WITH THE OHIO CIVIL RIGHTS COMMISSION AND/OR THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION TO THIS COMPLAINT." (Doc. 1-1, PageID 4). However, Plaintiff did not comply with that instruction and has not attached a copy of the charge, nor did he complete the section of the complaint form that requires him to state the "date the notice of right to sue was issued," and the "date you receive the notice of right to sue." (*Id*. at PageID 5). Plaintiff also has failed to comply with an instruction to

"ATTACH A COPY OF THE NOTICE OF RIGHT TO SUE TO THIS COMPLAINT." (*Id.*, capitalization original). In the section of the form requiring a statement of the facts of his case, which instructs the litigant to include "how each defendant is involved," and to include "the names of other persons involved, dates, and places," Plaintiff has written only: "I was discriminated against, unfairly treated[,] unjustly punished and deprived of my rights to equal treatment under the law." (Doc. 1-1 at2, PageID 5). As relief, Plaintiff seeks an order of this Court to "correct this situation and end this mistreatment." (*Id.* at PageID 6). Although the complaint is signed, it is not dated. It was filed on February 14, 2017.

"Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, [he] must satisfy two administrative prerequisites: '(1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue.'" *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003)(quoting *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989))(other citations omitted). Plaintiff's complaint is handwritten on a form that repeatedly instructs the pro se litigant to attach a copy of his EEOC charge and notice of his right to sue, but Plaintiff has failed to attach the requisite copy, and there is no indication in the complaint that he has satisfied the prerequisites to suit. Not only does Plaintiff fail to allege whether he previously filed a charge with the OCRC and/or the EEOC, but Plaintiff's complaint fails to provide critical details, including whether he has been disciplined or fired by his employer and if so, on what date, and the basis for his generic claim of discrimination.

The lack of any detail in the complaint, combined with the lack of information concerning a prior EEOC charge, supports the issuance of a Report and Recommendation that this case be dismissed for failure to exhaust administrative remedies and for failure to state any claim on initial screening pursuant to 28 U.S.C. §1915(e).  However, Plaintiff's statements are sufficient for this Court to grant him *in forma pauperis* status.  Based on the leniency typically afforded to pro se litigants alleging employment discrimination, the undersigned will permit Plaintiff a <u>brief</u> period of time to amend and supplement his initial complaint.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's motion to proceed *in forma pauperis* is GRANTED, and his complaint shall be FILED;
2. Together with a copy of this Order, the Clerk of Court shall send to Plaintiff an additional copy of the complaint form used for complaints filed under 42 U.S.C. §2000e-5(f)(1);
3. As soon as practicable, but not later than **March 6, 2017**, Plaintiff shall file an amended statement of his claim that includes basic facts, along with a copy of any notice of his right to sue;
4. Plaintiff shall keep the Court apprised of his current address;
5. Plaintiff is advised that a failure to comply with a court order, including but not limited to this Order, will result in a recommendation that his complaint be dismissed for failure to state a claim and/or for failure to prosecute.

                                                  *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge