# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ANTHONY TAYLOR,                                    Case No. 1:17-cv-106

        Plaintiff,                              Dlott, J.
                                                                 Bowman, M.J.

    v.

POSTAL SERVICE (U.S.),

        Defendant.

## REPORT AND RECOMMENDATION

**I. Background**

On February 22, 2017, Plaintiff was granted leave to file a *pro se* complaint against his employer, the United States Postal Service. In his initial complaint, Plaintiff alleged only: "I was discriminated against, unfairly treated[,] unjustly punished[,] and deprived of my rights to equal treatment under the law." (Doc. 3). Although the undersigned granted Plaintiff leave to file his complaint *in forma pauperis*, the undersigned pointed out several deficiencies:

> The lack of any detail in the complaint, combined with the lack of information concerning a prior EEOC charge, supports the issuance of a Report and Recommendation that this case be dismissed for failure to exhaust administrative remedies and for failure to state any claim on initial screening pursuant to 28 U.S.C. § 1915(e).

(Doc. 2 at 3). Rather than recommending dismissal on initial screening, however, the undersigned directed Plaintiff to promptly correct those otherwise-fatal flaws. "As soon as practicable, but not later than **March 6, 2017**, Plaintiff shall file an amended

statement of his claim that includes basic facts, along with a copy of any notice of his right to sue." (*Id.,* emphasis original)

Plaintiff only partially complied with the Court's Order. Although he filed an amended complaint that included as an exhibit a copy of his notice of his right to sue, he failed to include any additional facts on the complaint form itself, and also failed to file the amended complaint by March 6, 2017. Instead, Plaintiff did not file his amended complaint until March 20, 2017, two weeks past the Court's deadline.

On June 6, 2017, Defendant filed a motion to dismiss the complaint because the Notice attached to the amended complaint reflects that Plaintiff failed to bring his action within the ninety-day period required under 42 U.S.C. § 2000e-16(c). (Doc. 9). Plaintiff filed a response in opposition to Defendant's motion, to which Defendant has filed a reply. (Docs. 14, 15). For the reasons that follow, the undersigned now recommends that Defendant's motion be GRANTED.

**II. Analysis**

   **A. Standard of Review**

When reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court is required to construe the complaint in the light most favorable to the plaintiff, and must accept all well-pleaded material allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), additional citations omitted)(*per curiam*). However, while a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint still must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.*,

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).

To prevail against a motion to dismiss filed under Rule 12(b)(6), a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

The Court's focus, on review of a motion to dismiss, is on the sufficiency of the complaint itself. However, a court may consider exhibits attached to the complaint in deciding a motion to dismiss. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001) (citing *Nieman v. NLO, Inc.,* 108 F.3d 1546 (6th Cir. 1997)). Additionally, while a court generally may not consider matters outside of the pleadings when ruling on a 12(b)(6) motion without converting it into a Rule 56 motion for summary judgment,

"[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp. .,* 987 F.2d 429, 431 (7th Cir. 1993)).

### B. Grounds For Dismissal

Defendant's motion to dismiss argues that Plaintiff's complaint should be dismissed because he failed to file his civil complaint in this Court within the ninety day time period required under 42 U.S.C. § 2000e-16(c). The undersigned agrees that Plaintiff's civil complaint is time-barred.

As previously noted in the R&R granting Plaintiff leave to proceed *in forma pauperis* in this case, the initial complaint, tendered on February 14, 2017, was so devoid of any factual allegations against the Defendant that it failed to state any viable claim. But for this Court's liberal construction of the *pro se* pleading as attempting to state *some* form of employment discrimination claim, the complaint's single sentence amounted to no more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" that did not satisfy minimal pleading standards as defined under *Iqbal*. The initial complaint failed to include any factual allegations at all, and failed to explain whether Plaintiff was accusing the Defendant of discrimination based upon race, gender, age, or some other classification. Moreover, Plaintiff failed to comply with a requirement that he allege and demonstrate that he had satisfied an essential prerequisite to filing suit under 42 U.S.C. § 2000e-16(c), by filing a complaint with the Equal Employment Opportunity Commission.

Plaintiff partially complied with this Court's order directing him to cure the deficiencies of his initial complaint, by attaching to his amended complaint a copy of his EEO charge, filed on April 11, 2015 with the EEOC. The exhibits attached to Plaintiff's complaint reflect that he alleged: (1) discrimination based on retaliation and/or harassment when, on December 12, 2014, Plaintiff's manager made inappropriate remarks to him about the facility nurse, and on December 17, 2014, when his supervisor stared at Plaintiff angrily and yelled at him; and (2) discrimination based on race (African American), sex (male), and retaliation when, on February 7, 2015, Plaintiff became aware that he was passed over for a promotion. (Doc. 5-1 at 4).

After investigation, in a Final Agency Decision dated November 2, 2016, the Postal Service determined that Plaintiff's second claim, that he had been passed over for promotion, was moot. Plaintiff had been promoted subsequent to the filing of his claim, on November 14, 2015, and no damages were appropriate because he was not eligible to be promoted prior to that date. In the alternative to its determination that the claim was moot, the Agency determined that Plaintiff could not state any claim because he was not qualified for the promotion at the earlier time, and therefore had failed to prove the essential element of "adverse action." (Doc. 5-1 at 13, 15).

Plaintiff alleged during the Postal Service's investigation that he believed that his supervisor's December 2014 actions were undertaken in retaliation for Plaintiff's involvement in the EEO proceeding of a co-worker, in which Plaintiff provided a witness statement. (Doc. 5-1 at 12). However, the Agency determined that Plaintiff also had failed to make out a prima facie case on his claim of retaliation and/or harassment, even assuming for purposes of initial evaluation that the supervisor's conduct on December

5

12 and 17 was sufficient to show "adverse treatment." (Doc. 5-1 at 13) The Agency found that Plaintiff had failed to make out a prima facie case of retaliation because the seven-month gap between the alleged negative actions and the supervisor's alleged conduct "negates an inference of retaliation" and "is too attenuated and therefore insufficient to establish a causal connection." (*Id.*) The Agency also noted that Plaintiff had failed to provide evidence of any disparate treatment, or any other evidence "that affords a sufficient basis from which to draw an inference of discrimination." (Id. at 13-14). Last but not least, the Agency found no evidence of pretext based upon management's non-discriminatory explanation for failing to promote Plaintiff at an earlier date, or for his supervisor's actions in December 2014. (Doc. 5-1 at 17-18). "Complainant's allegations are not supported by the totality of the record and he has failed to present any plausible evidence that would demonstrate that management's reasons for its actions were factually baseless or not its actual motivation." (*Id.* at 18).

The Agency's Final Decision clearly explained Plaintiff's rights to appeal that decision to the Director of the EEOC, within 30 days of receipt of the written decision. The Notice of Appeal Rights further explained that, either after a final appeal to the EEOC Director or in lieu of such an appeal, Plaintiff was permitted to "file a civil action in an appropriate U.S. District Court within 90 calendar days of receipt of the Postal Service's final decision…." (Doc. 5-1 at 19). As stated, the Postal Service Agency's Final Decision was dated November 2, 2015. The Defendant's motion to dismiss includes a U.S. P.S. Tracking receipt that reflects that the Final Agency Decision was delivered to Plaintiff's address of record (the same address listed in the complaint filed in this Court) on November 5, 2016. (Doc. 9-1 at 1). Based upon the delivery date

6

noted on the tracking receipt, the last day on which Plaintiff could have timely commenced his federal civil case was February 3, 2017. However, Plaintiff did not tender his complaint, attached as an exhibit to his motion to proceed *in forma pauperis*, until February 14, 2017, which was eleven days after his final deadline for filing suit.

Even if the tracking receipt attached to Defendant's motion is not considered by this Court in the context of Defendant's motion to dismiss,[1] Plaintiff's suit would still be untimely. "The Sixth Circuit has held that the statutory ninety-day filing period commences on the fifth day following the EEOC's mailing of a right to sue notification, five days being a reasonable period to allow for mail delivery of the notice to the claimant." *Anderson v. Hamilton Cty. Bd. of Commissioners*, No. 1:05-cv-344, 2006 WL 2709767 at *3 (S.D. Ohio Sept. 20, 2006) (internal citation omitted). Therefore, ignoring the tracking receipt, the undersigned would find that Plaintiff's receipt of the Final Agency Decision and commencement of the ninety-day period occurred not later than November 7, 2016. *Accord Rembisz v. Lew*, 830 F.3d 681, 682 (6th Cir. 2016) (applying the same presumption of receipt of final agency action under 42 U.S.C. § 2000e-16(c)). Using that later deadline, Plaintiff would have been required to commence his civil suit not later than February 6, 2017, and his suit remains untimely.[2]

In Plaintiff's memorandum in opposition to Defendant's motion, he argues – without reference to any date or citation to any evidentiary exhibit such as an envelope

---

[1] Because the Plaintiff was required to demonstrate receipt of a Notice of his right to sue (here, the Final Agency Decision) as a prerequisite to filing suit, and attached the decision as an exhibit to his amended complaint, the tracking receipt arguably may be considered in the context of this motion to dismiss without converting the Defendant's motion into one for summary judgment. However, the undersigned has provided alternative grounds for dismissal should any reviewing court disagree.

[2] As Defendant points out, the deadline for initiating suit was not the only deadline missed by Plaintiff. Plaintiff also failed to timely respond to this Court's order and did not file an amended complaint until two weeks after the deadline specified by the Court.

7

or affidavit – that "I received the EEOC mailing later than the date stated." (Doc. 14). Plaintiff's vague and conclusory argument, unsupported by reference to any date at all, and his failure to offer any rational explanation for why this Court should consider tolling the deadline for the commencement of suit, is insufficient to defeat Defendant's motion to dismiss. *See Adams v. Noble*, 137 F. Supp.2d 1054, 1058-59 (S.D. Ohio 2001).

Dismissal is proper under Rule 12(b)(6) when a defendant raises a statute of limitations defense and "it is apparent from the face of the complaint that the statute of limitations has run." *Reed v. Ohio State Univ. Med. Ctr.*, 2012 WL 5378379, at *4 (S.D. Ohio Oct. 31, 2012); *see also Gordin v. England*, 354 Fed. Appx. 975, 978 (6th Cir. 2009). The date of the Final Agency Decision (November 2, 2015) is apparent from the face of the exhibit attached to Plaintiff's amended complaint, and his presumed date of receipt is established by case law. It is well established that "federal employees must file a civil action for discrimination '[w]ithin 90 days of receipt of final action' by the agency." *Rembisz v. Lew*, 830 F.3d at 682 (quoting 42 U.S.C. §2000e-16(c)).[3] Plaintiff's *pro se* status does not excuse him from complying with the applicable time limitations to suit. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). Therefore, Plaintiff's suit is time-barred.

---

[3]In *Rembisz*, the Sixth Circuit affirmed the dismissal of suit in the context of a motion for summary judgment, following consideration of a certified-mail receipt dated only one day outside the 90-day statutory limit. If the presiding district judge believes that consideration of the tracking receipt is required, but that such consideration converts the motion to one for summary judgment, the undersigned still would recommend granting the motion, conditioned on Plaintiff's failure to submit any contrary evidence of a later receipt. *Accord Ransdell v. U.S. Postal Service*, 2017 WL 1190912 (E.D. Ky. March 30, 2017) (electing to treat Rule 12(b)(6) motion as alternative motion for summary judgment, dismissing based upon the plaintiff's untimely submission of his EEO complaint).

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Defendant's motion to dismiss (Doc. 9) be **GRANTED**, that this case be dismissed with prejudice and closed.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ANTHONY TAYLOR,

    Plaintiff,

v.

POSTAL SERVICE (U.S.),

    Defendant.

Case No. 1:17-cv-106

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).